LYSTER, Adm'r, *v.* STICKNEY and others.

*(Circuit Court, D. Colorado. June 14, 1882.)*

1. PRACTICE—DISMISSAL—REMOVING PLEADING FROM FILES.

The dismissal of a suit or a part of a cause of action, or the withdrawal of a pleading, does not authorize the removal of the pleading itself, unless the court shall for good reason order that to be done. It remains a part of the record, and may be relied on if material and competent as evidence.

2. SAME—SUPPLEMENTAL BILL—DURESS.

An application to file a supplemental bill seeking to set up duress by threats made and carried out subsequently to the commencement of the suit, will be denied.

3. SAME.

An amendment setting up that the original complainant was, at the time of executing the papers sought to be set aside and cancelled, insolvent and largely

indebted, and that therefore the conveyances executed by him were void as against his creditors, who are now represented by the administrator, who has been substituted in lieu of the original complainant, should be allowed.

4 SAME—INJUNCTION—CONTINUANCE OF.

Where bill of complainant, as amended, is upon its face sufficient, and there is no showing outside the bill itself why the injunction allowed in the suit should be dissolved, a motion to dissolve must be overruled.

McCRARY, C. J., (orally.)  In the case of Lyster, administrator, against Stickney and others, several motions have been argued and submitted to the court.   The first one is an application on the part of complainant to dismiss portions of the bill.   He asks leave to dismiss the first and part of the third counts or subdivisions.   The bill having been brought in the state court, under the laws of the state, contains several separate and distinct causes of action, set forth in separate divisions.   It is a suit brought to set aside certain conveyances of real estate, and to cancel certain promissory notes, alleged to have been executed to the defendant Stickney by the original complainant. The portions of the bill which the plaintiff now seeks to dismiss charge what may be termed blackmail; that is, they allege that the defendant Stickney falsely accused the original complainant in this case with having debauched his wife, and other matters of a similar tenor, and thereby induced him to execute these papers.

There is no doubt but that the complainant has a right to dismiss his suit in whole or in part, and we are, therefore, very clearly of the opinion that he may dismiss the portions of the bill indicated in his application.   Of course the pleadings will not be removed from the files, and will remain a part of the record.   It is said on the part of the defendant that the allegations in question are important as matters of evidence in the case.   If so, he will not be deprived of any benefit he is entitled to on that account.   It is a well-settled rule of practice, and one to which we would allow no exception, that the dismissal of a suit or a part of a cause of action, or the withdrawal of a pleading, does not authorize the removal of the pleading itself, unless the court shall, for good reason, order that it be done.   It remains a part of the record, and it may be relied upon if it is material and competent as evidence in the case.   So that the application to dismiss part of the bill is allowed.

There is, furthermore, an application to file a supplemental bill. By this supplemental bill the present complainant, the administrator of the original complainant, seeks to set up two facts which he thinks are material.   It having been alleged in the original bill 'that the deed and deed of trust and notes were executed under a threat made

by the defendant, that he would take the life of the original complainant if the papers were not executed, and that he would take his life if the notes were not paid at maturity, the present complainant now asks leave to file a supplemental bill alleging that in pursuance of such threat the defendant did, subsequently to the commencement of this suit, take the life of the original complainant. It is said that this fact is competent to show a continuing duress. If it is competent at all, it is competent as a matter of evidence, and not as a part of the complainant's cause of action. The rights both of the original complainant and of the present complainant, as his administrator, must depend upon the facts as they existed when the conveyances and the notes were executed. Subsequent facts may be competent testimony in the case to show the truth or falsity of the allegations of the bill concerning the facts as they existed at the time the papers were executed. Evidence is not to be pleaded, and if this particular fact of the subsequent killing of the complainant is admissible, it is only as evidence to establish the allegations of the original bill. It is not proper, therefore, that this fact should be pleaded. The application for leave to amend the bill by alleging the subsequent killing of the original complainant is denied.

The other fact which the complainant seeks to set up by way of amended bill is that Campau, the original complainant, was at the time of the execution of these papers insolvent and largely indebted, and that therefore the conveyances were void as against his creditors, who are now represented by the administrator, who has been substituted in lieu of the original complainant. We think that this amendment may be made. It is not necessary now to determine how far it may be material, or to what extent it will determine the final rights of these parties, but the fact, if it be a fact, that Campau was insolvent and largely indebted at the time he made these conveyances, may be alleged, and the court will reserve the consideration of that fact, and the rights of parties upon it, if it be established by proof. The permission to amend in this respect is allowed.

The remaining matter is the motion of the defendant to dissolve the injunction. There was an injunction allowed against the negotiation of these promissory notes, which were negotiable, and which were not due at the time the original bill was filed, and some of which are not yet due. After the amendments permitted by the order already made, the bill stands upon its face a good bill, alleging the execution of these instruments under duress, and a threat to take the life of the original complainant if he did not execute them. It is,

therefore, upon its face, a perfectly good bill. There is no doubt whatever that any contract executed under a threat to take the life of the party who executes it is utterly void, and may be set aside upon the application of any party injured. If it shall appear upon the testimony that these papers were executed without duress, as a part of a compromise of a claim against the original complainant for debauching the wife of defendant Stickney, it is doubtless a case with which a court of chancery should have nothing whatever to do. But that does not appear upon the bill as it now stands, and we hold that the bill upon its face is sufficient, and that the motion to dissolve the injunction must be overruled, there being no showing outside of the bill itself.