NAPIER v. WESTERHOFF et al.

(Circuit Court, S. D. New York. April 8, 1907.)

1. EQUITY—PLEADING—SUPPLEMENTAL BILL.

New matter arising after the filing of a bill, and which is confirmatory of its allegations, may properly be set up by a supplemental bill, even though it might be proved under the original bill.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 19, Equity, §§ 584–586.]

2. DISCOVERY—SUPPLEMENTAL BILL.

A discovery may be had on a supplemental bill, where the facts called for are within the knowledge of defendants, and are material and incidental to the relief sought in the suit.

In Equity. On demurrer to supplemental bill.

Olney & Comstock and J. Noble Hayes, for complainant.

Stern & Rushmore and Charles E. Rushmore, for defendants.

HAZEL, District Judge. This is an action for dissolution of the partnership agreement and an accounting. The defendants urge that the supplemental bill is wholly unnecessary, as there is nothing in fact to prevent complainant from making complete proof, not only of the acts threatened before the institution of the suit, but also as to the acts of the defendants which have occurred subsequent thereto. The asserted new matter or a portion of it could probably be introduced in evidence to support the original bill (Lyster v. Stickney [C. C.] 12 Fed. 609), but as such additional matter could have been pleaded in the original bill, if it had then existed and is now simply confirmatory of the original bill, I can perceive of no serious objection to permitting it to be set forth in the supplemental bill (21 Ency. of Pl. & Pr. 9). Defendants do not claim that they will in any manner be prejudiced by the course of pleading adopted by the complainant. Indeed, the defendants are fully advised by the supplemental bill of all the allegations that they are to meet. The objection, therefore, that the asserted new matter may not be averred by way of supplement to the original bill is overruled.

It is further objected that the supplemental bill improperly includes a bill of discovery. The discovery sought is not in aid of any other suit at law or in equity, but is material and incidental to the relief sought and the facts as to which discovery is sought rest in the knowledge of the defendants. In these circumstances, I am of opinion that the authorities cited by the defendants are inapplicable.

The demurrer is overruled with costs, with leave to defendants to answer within 20 days.